**UNITED STATES of America**

v.

**Frank WAXMAN.**

**Crim. No. 83–00101.**

United States District Court,
E.D. Pennsylvania.

July 15, 1986.

Linda Dale Hoffa, Asst. U.S. Atty., Philadelphia, Pa., for plaintiff.

John Rogers Carroll, Philadelphia, Pa., for defendant.

### MEMORANDUM AND ORDER

DITTER, District Judge.

Dr. Frank Waxman was an art connoisseur and had what some considered to be an excellent private collection. Unfortunately, he had accumulated it by theft from various art dealers across America over a number of years. Eventually, he was caught, did time on state charges, and pleaded guilty before me to receipt of stolen property and interstate transportation. Largely because I believed his thefts may have stemmed from long standing psychiatric problems and use of prescription drugs, I placed Dr. Waxman on probation.

Among others, I imposed the following as a condition of probation:

He shall not profit financially or through the receipt of any property from the sale of any TV or radio scenario, nor shall he cooperate with any writer or author in the preparation of any such work if any member of his family or any friend might profit thereby. He is not to profit from the sale of any book or magazine article prepared about his life or experiences, nor shall he cooperate with any author if any member of his family, or any friend might profit thereby. The intention of this condition is to preclude the defendant from obtaining any profit or financial benefit or in any way capitalizing upon his art theft or subsequent treatment and this provision shall be construed broadly.

Dr. Waxman now seeks to have his sentence modified and that condition of probation set aside. He argues that it deprives him of rights guaranteed by the First and Fifth Amendments to the Constitution. He also contends that the probation condition is purely punitive in character because it neither fosters his rehabilitation nor protects the public. I disagree.

█ I am not impressed by Dr. Waxman's argument that I am depriving him of rights guaranteed by the First and Fifth Amendments to the Constitution. Dr. Waxman may speak to whom he wishes or write what he wants. The only restriction is that he not be paid for doing so. Dr. Waxman may have lost a property interest, but it was not without due process of law. Convicted felons frequently are deprived of property (and liberty) interests.

█ Neither am I persuaded that this condition is contrary to the purpose of probation. When satisifed that the ends of justice, the best interests of the public and the defendant, will be served by probation, the district court judge may suspend the imposition of sentence and place a defendant on probation, upon such terms and conditions as the court deems best. 18 U.S.C. § 3651. Probation conditions are valid so long as they are reasonably related to the ends of probation. *United States v. Abushaar*, 761 F.2d 954 (3d Cir.1985).

I imposed this restriction on Dr. Waxman, not to punish him, but to restrict his ability to profit from his own wrongdoing. Had I wanted to punish him, I could have sent him to prison for a long, long time. Certainly, it is in his own interest for Dr. Waxman to learn that society will neither tolerate criminal behavior nor permit the criminal to profit from it when he can be prevented from doing so. Secondly, it is also in the interest of other members of society to learn by example that not only may they have to pay the piper but that they cannot expect the piper to pay them for their memoirs. I do not understand how Dr. Waxman's profiting for his misdeeds will make other persons who hear of them more reluctant to take drugs and steal objects of art than if Dr. Waxman is unpaid. Moreover, one of the purposes of the Comprehensive Crime Control Act of 1984 was to reduce the profit motive for criminal behavior by permitting heavy fines, allowing forfeitures,[1] and calling for restitution.

There is another reason why I am refusing to grant Dr. Waxman's motion. The conditions of probation, including the one in question, and my feelings with regard to them, were discussed with Dr. Waxman's attorney on March 15, 1985, approximately six weeks prior to the time that Dr. Waxman was placed on probation and the condition imposed. Counsel was told to inform Dr. Waxman of what I con-

---

1. Two provisions of the Crime Control Act, while not authority for the condition I imposed, are at least suggestive of its merits. Where physical harm has resulted, a defendant may be required to forfeit the proceeds received from the depiction of the crime in a movie, book, magazines, etc. 18 U.S.C. § 3671. [Effective date 30 days after Oct. 12, 1984]

The second provision worth noting is found in 18 U.S.C. § 3563(b)(6). As a special condition of probation an individual can be required to refrain from engaging in a special occupation bearing a reasonably direct relationship to the conduct constituting the offense.

templated doing. That would have been the time to raise any question with me about this condition. Nothing was said and I had no reason to believe that Dr. Waxman felt there was anything wrong with my announced intentions.

In short, I remain convinced that the sensational crime should not be glamorized by the inevitable book, the barnstorming trip from city to city, the press conferences and autograph sessions, the appearances on TV, the trumpet blast announcing the paperback edition, and finally, with any luck at all, a motion picture. Dr. Waxman profited immensely from what he did until he was caught. I see no reason why he should profit even more handsomely after he has been caught. Because I believe the probation-condition is rehabilitative in nature, deterrent in effect, and reasonable, I will refuse Dr. Waxman's petition to modify.